UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEREMY MORRIS, ET AL               CIVIL ACTION NO. 09-cv-1587

VERSUS                             JUDGE WALTER

LANEY DIRECTIONAL DRILLING CO.     MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Jeremy and Jessica Morris ("Plaintiffs") filed suit in state court against Defendant Laney Directional Drilling Company in connection with injuries Mr. Morris received cleaning a drilling rig which was owned and operated by Defendant. Plaintiffs were originally represented by attorney Ronald Miciotto. While the action was pending in state court, Plaintiffs wrote attorney Miciotto to say they no longer requested his services and that their new attorney was Ivan J. Daigs. Mr. Miciotto, based on the letter, filed a motion to withdraw as counsel, and the state court granted the motion. Defendant Laney Drilling later removed the case to this court based on an assertion of diversity jurisdiction.

After reviewing the state court record filed with this court, the undersigned determined that attorney Daigs never formally enrolled as attorney for Plaintiffs and was also not admitted to practice before the Western District of Louisiana. In a Memorandum Order (Doc. 6) filed on October 15, 2009, the court allowed Plaintiffs until November 16, 2009 to have attorney Daigs gain admission to the bar of this court and file a motion to enroll as counsel. The order further stated that if attorney Daigs did not file a motion to enroll,

Plaintiffs had until November 30, 2009 to either (1) have another attorney (who is admitted to the bar of this court) file a motion to enroll or (2) file a written statement stating their intent to represent themselves in this civil action. The order warned: "Failure to take one of those steps may result in the dismissal of this civil action, without further notice, for failure to prosecute." The clerk of court mailed a copy of the order to both Plaintiffs and attorney Daigs.

The November 30 deadline has passed, and there has been no action of record by Plaintiffs or an attorney acting on their behalf. The court provided ample time for Plaintiffs to secure new counsel or indicate their desire to proceed without counsel. Plaintiffs have not taken even the simple step of alerting the court that they desire to proceed on their own. It is highly unlikely that plaintiffs who are unwilling to take such a simple step are interested enough in their case to comply with the other more serious requirements of litigation. Proceeding further with this action would be a waste of time and resources for both the court and Defendant. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE